UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 DEC 10 PM 2:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

HERBERT A. SLAMEN            )
                             )
    Plaintiff,               )
                             )
    vs.                      )    CV-97-L-0140-S
                             )
THE PAUL REVERE LIFE         )
INSURANCE COMPANY et. al.    )
                             )
                             )
    Defendants.              )

ENTERED
DEC 1 0 1997

FINDINGS OF FACT
AND
CONCLUSIONS OF LAW

This cause came on for a bench trial before this court on November 17, 1997, upon the pleadings, the order of the pretrial conference, the testimony and exhibits, and the arguments of counsel. The Court enters the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff, Herbert A. Slamen, starting practicing dentistry in Moody, Alabama in 1975 upon graduating from the University of Alabama at Birmingham.

2. On June 7, 1985 Plaintiff purchased a "Disability Income Policy" of insurance and rider from The Paul Revere Life Insurance Company.

3. The policy promises to pay the plaintiff disability income if he becomes totally disabled. According to the rider,

**"Total Disability" means that because injury or sickness:**
**1. You are unable to perform the important duties of your regular occupation; and**
**2. You are under the regular and personal care of a Physician.**

4. Plaintiff was involved in a multi car accident, while on sabbatical in Florida, in May of 1990. He sustained a whiplash-like injury to his back and neck. Immediately prior to this accident, plaintiff was a full-time practicing dentist.

5. In November, 1990, plaintiff returned to his full-time dental practice in Alabama. He continued practicing until March 1991 when he returned to Florida to study his church's teachings. At this point plaintiff had no intention of leaving his practice permanently. In August of 1991, plaintiff returned to his practice in Alabama where he remained until August 1993. He returned to Florida for further studies until December 1994 (17 months). During this time he did not practice dentistry at all. Upon his return to Birmingham, realizing how painful the practice of dentistry had become, he entered a "twilight stage" wherein he practiced only part time, if at all. From that point forward he filled in for other dentists when in Alabama and when needed. There is no evidence before the court that plaintiff continued to see a full slate of his regular patients on a regular basis. In February 1995 he filled in for Dr. Jill Harper, in Birmingham, for four weeks. He performed no other dentistry until May 1995

when he filled in for Dr. Andrew Carter in Dothan, Alabama for four weeks. He performed no dentistry again until February 1996 when he helped Dr. Susan Wells in Warrior, Alabama for two weeks. In April of 1996 plaintiff filed a claim for disability with Paul Revere.

6. After reviewing plaintiff's claim, an attached narrative, and the report of investigator John Randolph, defendant notified plaintiff, by letter, that it had denied coverage. Plaintiff phoned defendant for clarification of the letter and sought appeal and review of the decision. Plaintiff has exhausted all available procedures for administrative review of this denial.

7. In August of 1996, plaintiff filled in for Dr. Carter again. In December 1996, plaintiff filled in at his dental clinic for an orthodontist for one and one-half days.

## Conclusions of Law

8. The Court has jurisdiction of this action and of the parties thereto.

9. Dr. Slamen's disability policy with Paul Revere is one component of an employee welfare benefit plan. His employer, Herbert A. Slamem, D.M.D., P.C. maintained a plan that provided life, major medical, accidental death or dismemberment and disability coverage to its employees. This employee welfare benefit plan, 29 U.S.C. §§ 1002 (1) and (2), is subject to the

provisions found in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002 et seq.

10. In determining whether defendant correctly denied plaintiff's claim for disability benefits, the claim decision "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see Buckley v. Metropolitan Life, No. 96-6125, 1997 WL 307004, at *4 (11th Circuit June 24, 1997)(Stating that the same standards of review borne out of Firestone apply to factual findings as well as plan interpretations).

11. The Court reviews the defendant's denial of claim under the de novo standard.

12. Herbert Slamen was not "totally disabled" as defined by the disability policy. Paul Revere acted within its rights in denying his claim for disability income. For almost three years prior to the date he filed his claim, Slamen was not a practicing dentist. During the three years between August 1993 and December 1996, Slamen's vocational pursuit remained unchanged. At best, by the time he filed for benefits, he was a mostly-retired, part-time, fill-in dentist. He continued to draw income from the dental clinic he owned and he turned his attention and energies to his religious studies.

13. Slamen's regular occupation changed to his current

status at some point in 1993. He became a part-time, fill-in dentist and student of religion. Therefore, for the three years leading to the filing of his claim, Slamen was able to perform the important duties of his regular occupation. Slamen was not totally disabled at the time he filed his claim. Dr. Slamen fails to meet the policy's requirements for the receipt of disability benefits.

DONE and ORDERED this 10th day of December, 1997

*Seybourn H. Lynne*
SEYBOURN H. LYNNE
SENIOR UNITED STATES DISTRICT JUDGE